■ MARILYN KURTZ, Respondent, v MORTON M. KURTZ, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from (1) an order of the Supreme Court, Queens County (Ambrosio, J.), dated April 21, 1988, which denied his motion to vacate a judgment of divorce entered February 2, 1988, upon his default in appearing, and (2) an order of the same court, dated June 20, 1988, which denied his motion for reargument.

Ordered that the appeal from the order dated June 20, 1988, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 21, 1988 is reversed, without costs or disbursements, and the defendant's motion to vacate the judgment of divorce is granted to the extent of vacating the financial provisions thereof, and the matter is remitted to the Supreme Court, Queens County, for an inquest as to the financial issues, on the following conditions: (1) the defendant shall pay $7,500 costs to the plaintiff personally, within 10 days after service upon him of a copy of this decision and order, with notice of entry; (2) the defendant shall pay to the plaintiff $2,500 per month for pendente lite maintenance and $500 per month for pendente lite child support, retroactive to the date the judgment appealed from was entered with any arrears also to be paid within 10 days after determination by the Supreme Court of the amount due; (3) the defendant shall continue to reside away from the marital premises; and (4) the defendant shall, within 10 days after the service upon him of a copy of this decision and order, with notice of entry, serve and file a sworn statement of net worth in accordance with Domestic Relations Law § 236 (B) (4); in the event these conditions are not complied with, the order dated April 21, 1988, is affirmed, with one bill of costs; and it is further,

Ordered that the judgment entered February 2, 1988, shall stand as security pending entry of a new judgment.

It is clear that the defendant's default was inexcusable. Nevertheless, in light of the meager support in this record for the large financial awards in the judgment of divorce and the preliminary showing that the defendant may not have the means to comply therewith, the defendant's default should be opened to the extent of allowing an inquest on the economic provisions of the judgment (Otto v Otto, 150 AD2d 57). We note that the temporary support provisions set forth in our decision are not to be viewed as binding upon the Supreme

Court in setting permanent support, and that the plaintiff may apply to that court for counsel fees. Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.